UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZEVON MCCARTER,

    Plaintiff,

v.                                                                                  CASE NO: 8:11-cv-1301-T-26TGW

THE FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES, et al.,

    Defendants.
_____/

**O R D E R**

    Pending before the Court is Defendant Hillsborough Kids, Inc.'s motion to dismiss or alternative motion for a more definite statement in which it contends that the *pro se* Plaintiff's complaint should be dismissed because it constitutes a "shotgun" pleading. Although Defendant is correct with regard to its contention, there is a more fundamental reason for dismissing Plaintiff's complaint - this Court lacks subject matter jurisdiction over Plaintiff's claims.

    Plaintiff has sued a host of individuals and entities under 42 U.S.C. §1983 for violating his civil rights in connection with the judicial termination of his parental rights from his daughter. He alleges violations of his rights under the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution, as well as Articles 7 and 10 of the International Covenant on Civil and Political Rights and the United Nations Convention Against Torture. Plaintiff claims he suffered compensatory damages of $850,000.00 and is entitled to punitive damages in the sum of $2,800,000.00 and unspecified injunctive relief.

The Court has carefully and liberally examined Plaintiff's complaint, holding it to a less stringent standard than if drafted by an attorney as required by Tannebaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). After doing so, the Court must dismiss the complaint for lack of subject matter jurisdiction in accord with its obligation as a court of limited jurisdiction to inquire into its jurisdiction at the earliest possible stage of the proceedings. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001) (citing University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)); accord Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005).

Under well-settled Eleventh Circuit precedent, a federal court lacks subject matter jurisdiction under the Rooker-Feldman[1] doctrine to adjudicate § 1983 claims related to state child custody proceedings. See Goodman v. Sipos, 259 F.3d 1327 (11th Cir. 2001); Liedel v. Juvenile Court of Madison Cty., Ala., 891 F.2d 1542 (11th Cir. 1990); Staley v. Ledbetter, 837 F.2d 1016 (11th Cir. 1988). In Staley, the Eleventh Circuit upheld the dismissal of Staley's civil rights action under § 1983. In doing so, the Court concluded that it did not need to consider the parties' substantive arguments because "no federal subject matter existed in this case." 837 F.2d at 1018. As the Court explained, "[i]n effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights. The federal courts are not a forum for appealing state court decisions." Id. at 1018-1019 (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1315-17, 75 L.Ed.2d 206 (1983)).

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Measured against this precedent, this Court likewise lacks subject matter jurisdiction in this case because Plaintiff, like Staley, seeks to collaterally challenge, under the auspices of § 1983, the acts of Defendants leading up to the termination of his parental rights by a state court. Accordingly, this case is dismissed for lack of subject matter jurisdiction. The Motion to Dismiss, or, in the Alternative, Motion for a More Definite Statement (Dkt. 5) is denied as moot. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on June 15, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record